**John O. ABNEY a/k/a Olden Abney,
Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 9000.**

District of Columbia Court of Appeals.

Submitted July 16, 1975.

Decided Nov. 19, 1975.

———◆———

Susan J. King, Washington, D.C., appointed by this court, for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, Stuart M. Gerson, Joseph E. DiGenova, and Joseph Guerrieri, Jr., Asst. U. S. Attys., for appellee.

Before FICKLING, NEBEKER and HARRIS, Associate Judges.

NEBEKER, Associate Judge:

This appeal arises from a conviction of robbery and raises the issue of whether the trial court erred in denying appellant's proposed jury instruction on an assumed unreliability in interracial identification. We hold that the denial of the requested instruction was correct, and affirm.

The victim, Robert A. Ullhorn, was walking home from a market when he saw two men approach him. As they came abreast of him, one of the men quickly moved behind Mr. Ullhorn and crouched down as the other (appellant) pushed him. While Mr. Ullhorn was sprawled on the ground, appellant threatened to shoot him and asked him for money. Mr. Ullhorn gave him approximately $2, gathered up the groceries that had spilled when he was pushed, and began to walk away. Appellant then grabbed him by the arm and demanded a wristwatch. When Mr. Ullhorn showed his assailants that he was not wearing a watch and attempted to leave, he was held by appellant, who at this time demanded his overcoat. Mr. Ullhorn handed his coat to appellant and was allowed to leave. He ran to a nearby chancellery and summoned the police. A description of the assailants was broadcast, and Mr. Ullhorn was transported in a squad car to three locations to view suspects fitting the descriptions. He identified neither of them as the robbers. About 45 minutes after the assault, appellant was sighted and summoned to the squad car. Appellant walked to the passenger side and stood approximately one foot away from Mr. Ullhorn who identified him.

At trial appellant submitted two proposed jury instructions to the court. The first was taken from the Model Special Instructions on Identification set forth in the majority opinion in *United States v. Telfaire,* 152 U.S.App.D.C. 146, 152, 469 F.2d 552, 558 (1972). That instruction was given. The second proposed instruction was taken verbatim from the concurring opin-

ion of Chief Judge Bazelon in *Telfaire*.[1] The court's refusal to give this instruction is asserted to be error.

We have examined the authorities cited by Chief Judge Bazelon[2] and examined the meager amount of written material in the field.[3] We perceive no adequate basis in professional and knowledgeable opinion for the premise that a witness of one race is likely to be less accurate in identifying a person of another race than a member of his own. Judge Leventhal, in another concurring opinion in *Telfaire* (152 U.S.App. D.C. at 155, 469 F.2d at 561) also addressed the problems raised by Chief Judge Bazelon's proposed instruction. We agree with Judge Leventhal that a jury instruction is not the place for questionable generalizations highlighting what may or may not reflect one type of individual's recall capacity.

Accordingly, we find the court's denial of the requested instruction to have been proper.

*Affirmed.*

1. 152 U.S.App.D.C. at 155, 469 F.2d at 561: In this case the identifying witness is of a different race than the defendant. In the experience of many it is more difficult to identify members of a different race than members of one's own. If this is also your own experience, you may consider it in evaluating the witness's testimony. You must also consider, of course, whether there are other factors present in this case which overcome any such difficulty of identification. For example, you may conclude that the witness has had sufficient contacts with members of the defendant's race that he would not have greater difficulty in making a reliable identification. [Footnote omitted.]

2. P. Wall, Eye-Witness Identification in Criminal Cases (1965); Malpass & Kravitz, *Recognition for Faces of Own and Other Race*, 13 *J. of Personality and Social Psychology*, at 330 (1969).

3. Zavala & Paley, Personal Appearance Identification (1972); Laughery, Alexander, & Lane, *Recognition of Human Faces*, 55 *J. of Applied Psychology*, at 477 (1971); Buckhout, et al., *Determinations of Eyewitness Performance on a Line Up*, 4 *Bulletin of Psychonomic Society*, at 191 (1974).